UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARY BRIDGES,
BOBBY GORDON, and
JOHNNIE GRIFFIN, *all*
*individually and on behalf of 345*
*other named plaintiffs*                                                                             **PLAINTIFFS**

vs.                                         CIVIL ACTION NO.: 3:13-cv-457-TSL-JCG

RICHARD A. FREESE;
TIM K. GOSS;
SHEILA M. BOSSIER;
DENNIS C. SWEET, III;
FREESE AND GOSS PLLC;
SWEET AND FREESE PLLC;
BOSSIER AND ASSOCIATES PLLC; and
DENNIS C. SWEET, *d/b/a Sweet and Associates, PLLC*           **DEFENDANTS**

DON A. MITCHELL                                          **THIRD-PARTY DEFENDANT**

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTIONS [63, 67, 68, 113, 114] TO QUASH OR FOR PROTECTIVE ORDER;
GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION [72]
TO COMPEL, AND MOTION FOR SANCTIONS AND ORDER OF
CONTEMPT; AND DENYING DEFENDANTS' MOTION [116] TO
PERMANENTLY SEAL DOCUMENTS**

BEFORE THE COURT are five Motions [63, 67, 68, 113, 114] to Quash or for Protective Order, filed by Defendants Richard A. Freese; Tim K. Goss; Sheila M. Bossier; Dennis C. Sweet, III; Freese and Goss, PLLC; Sweet and Freese, PLLC; Bossier and Associates, PLLC; and Dennis C. Sweet d/b/a Sweet and Associates, PLLC ("Defendants"). Defendants' Motion [116] to Permanently Seal Documents is also before the Court, as is the Emergency Motion [72] to Compel, and Motion for Sanctions and Order of Contempt, filed by Plaintiffs Mary Bridges, Bobby Gordon, and Johnnie Griffin ("Plaintiffs'). The Motions have been fully briefed, and a

telephonic Motions hearing was held on September 5, 2014.  Having considered the submissions of the parties, the record, relevant legal authority, and the argument of counsel at the Motions hearing, the Court finds that Defendants' Motions [63, 67, 68, 113, 114] to Quash or for Protective Order should be granted in part and denied in part; Plaintiffs' Motion [72] to Compel, and Motion for Sanctions and Order of Contempt, should be granted in part and denied in part; and Defendants' Motion [116] to Permanently Seal Documents should be denied.

I. DISCUSSION

A.   Class-Certification-Related Discovery

On February 3, 2014, a Case Management Order [25] was entered that provided: "Parties will fully disclose all documents and disclosure items related to the Motion for Class Certification on or prior to February 21, 2014."  Order [25] 2. The Case Management Order set a discovery deadline of March 2, 2015, and May 1, 2014, as the deadline for Plaintiffs to file a motion for class certification.  In the interim period between February 3, 2014, and May 1, 2014, the parties did not comply with their discovery obligations to the extent that the discovery process completely stalled.

In March 2014, Plaintiffs served numerous subpoenas duces tecum and notices of deposition.  Defendants objected to every subpoena and deposition in full, filing six Motions [62, 63, 67, 68, 113, 114] to Quash or for Protective Order. According to Plaintiffs, Defendants have not produced a single document or allowed any noticed depositions to go forward.  Defendants maintain that Plaintiffs are

engaging in a "discovery 'free-for-all' targeted at the merits of the case" and not seeking discovery curtailed to the issue of class certification.  Resp. [79] 3.

A significant portion of the Motions' briefing now before the Court addresses the parties' dispute over whether initial discovery in this matter was limited to the issue of class certification by the Case Management Order [25].  By August 8, 2014, TEXT ONLY ORDER, the Court clarified that initial discovery is limited to the issue of class certification.

    1.    <u>Defendants' Motions to Quash</u>

Plaintiffs submit that the subpoenas issued by Plaintiffs and depositions noticed by Plaintiffs are necessary in order to allow Plaintiffs a fair opportunity to establish the prerequisites for class certification, specifically commonality.  "To obtain class certification, parties must satisfy [Federal Rule of Civil Procedure] 23(a)'s four threshold requirements, as well as the requirements of Rule 23(b)(1), (2), or (3)."  *Funeral Consumers Alliance, Inc. v. Serv. Corp. Intern.,* 695 F.3d 330, 345 (5th Cir. 2012).  The United States Supreme Court has recently emphasized that Rule 23 does not set forth a mere pleading standard:

> The class action is an exception to the usual rule that litigation is conducted by and on behalf the individual named parties only.  To come within the exception, a party seeking to maintain a class action must affirmatively demonstrate his compliance with Rule 23.  The Rule does not set forth a mere pleading standard.  Rather, a party must not only be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, typicality of claims or defense, and adequacy of representation, as required by Rule 23(a).  The party must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b). . . .

> Repeatedly, we have emphasized that it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, and that certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied. Such an analysis will frequently entail overlap with the merits of the plaintiff's underlying claim. That is so because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.

*Comcast Corp. v. Behrend,* 133 S. Ct. 1426, 1432 (2013)(internal citations and quotations omitted).

> Class certification hearings should not be mini-trials on the merits of the class or individual claims. At the same time, however, going beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues. To assist the court in this process it may sanction controlled discovery at the certification stage. The plain text of Rule 23 requires the court to "find," not merely assume, the facts favoring class certification.

*Unger v. Amedisys, Inc.,* 401 F.3d 316, 321 (5th Cir. 2005); *see Funeral Consumers Alliance, Inc.,* 695 F.3d at 345-46.

"When there are disputed facts relevant to Rule 23 requirements, overlap with merits should not be talismanically invoked to artificially limit a trial court's examination of the factors necessary to a reasoned determination of whether a plaintiff has met her burden of establishing each of the Rule 23 class action requirements." *Funeral Consumers Alliance, Inc.,* 695 F.3d at 346. The Fifth Circuit has expressly disagreed with the contention that district courts are precluded from "rendering merits-based conclusions at the class stage." *Id.*

Plaintiffs' counsel submits that he issued the subpoenas and noticed the depositions that are the subject of Motions [63, 67, 68, 113, 114] because he is

attempting to establish that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).

> In order to satisfy commonality . . . , a proposed class must prove that the claims of every class member "depend upon a common contention . . . that is capable of classwide resolution," meaning that the contention is "of such a nature . . . that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."

*M.D. ex rel. Stukenberg v. Perry,* 675 F.3d 832, 838 (5th Cir. 2012)(citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011)).

At the Motions hearing and in his briefing, Plaintiffs' counsel detailed Plaintiffs' claims and his position on how the subpoenas issued and depositions noticed are needed in order to prove commonality. In response, Defendants offered a continuing generalized objection that Plaintiffs are attempting to engage in merits-based discovery. Defendants also suggest that since Plaintiffs have articulated their claims in detail, those allegations are sufficient to support a motion for class certification. Reply [130] 4.

The law is clear that Rule 23 requires more than pleading and also clear that class-certification-related discovery and merits-based discovery frequently overlap. In the absence of more particularized, legally-supported objections by Defendants, the Court finds that Defendants have not met their burden of demonstrating that the subpoenas duces tecum issued by Plaintiffs and depositions noticed by Plaintiffs should be quashed.

The Court is also not persuaded by Defendants' argument that Plaintiffs should not be able to depose people whom Plaintiff's counsel previously deposed in

other litigation. Defendants have offered no proof substantiating their position that the information Plaintiffs now seek was covered in previous depositions. Plaintiff's counsel, on the other hand, has provided proof supporting his position that prior depositions were limited in scope.  Attachments [86, 87].

The subpoenas duces tecum at issue in Motions [63, 67, 68, 113, 114] will not be quashed, and responses to those subpoenas must be delivered to Plaintiffs' counsel on or before **September 25, 2014**. Also by **September 25, 2014**, and in an effort to remedy obstinate delay that is evident in these proceedings, Defendants must provide to Plaintiffs' counsel a chart of information as to all claimants who participated in the underlying PCB settlement, both filed and unfiled. The chart shall list the claimants only as #1, #2, #3, etc., and provide: (1) whether each claimant is a filed or unfiled claimant; (2) each claimant's medical diagnosis; (3) additional information, if any, which affected the amount of each claimant's settlement, specifying the amount of expenses charged to each claimant and the amount of any Medicaid or Medicare liens affecting each claimant's settlement; and (4) the amount of each claimant's settlement. Plaintiffs' request for this type of relief was made at the Motions hearing and is supported by *Williamson v. Edmonds,* 880 So. 2d 310, 321 (Miss. 2004).

The depositions noticed by Plaintiffs at issue in Motions [63, 67, 68, 113, 114] will also not be quashed, with the exception of the depositions of Kris Thomas and Paula Fairchild. Plaintiffs' counsel indicated at the Motions hearing that the depositions of these two individuals was not necessary during the class-certification phase of discovery. The depositions noticed, with the exception of Thomas and

Fairchild, shall be completed on or before **October 30, 2014**, which is also the deadline for the parties to complete class-certification-related discovery.

Plaintiffs will be allowed to amend their Motion for Class Certification, and their deadline for doing so is **November 13, 2014**. The briefing schedule for the Motion for Class Certification is thereafter governed by L.U.Civ.R. 7(b).

2. <u>Defendants' Motions for Protective Order</u>

Defendants seek a protective order in Motions [63, 67, 68, 113, 114], but their request is broad and generalized, and essentially a request that the Court forbid all discovery now sought by Plaintiffs in full. Defendants mention a protective order entered in a separate case but have not provided that protective order in this action or sufficiently explained why the same protective order is appropriate in this case. Defendants allege that the underlying PCB-litigation settlement agreements, which contain confidentiality provisions, require that certain information in this case be subject to a protective order.

In an effort to quickly address Defendants' concerns regarding confidentiality and because of the delay in this case, the Court will impose a deadline for Defendants to submit another motion for protective order, which more aptly addresses their confidentiality concerns and provides supporting authority for their positions. Defendants' deadline for filing a motion for protective order is **September 18, 2014**. If Defendants file such a motion, a proposed protective order must be simultaneously provided to the Court by email to Gargiulo_Chambers@mssd.uscourts.gov, copying opposing counsel.

Plaintiffs will be allowed five (5) days to respond to any motion for protective order filed by Defendants, calculated from the date that Defendants' motion is filed. Plaintiffs may also submit a proposed protective order to chambers' email, simultaneous with their response, and must copy opposing counsel. As with any discovery motion, the parties are subject to Local Uniform Civil Rule 37, and before serving a motion for protective order, "counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention." L.U.Civ.R. 37(a). Class-certification-related discovery will not cease or be delayed pending resolution of whether a protective order should be entered. L.U.Civ.R. 37(d)

In summary, Defendants' Motions [63, 67, 68, 113, 114] to Quash or for Protective Order are granted in part and denied in part. The Motions are granted to the extent that (1) the depositions of Kris Thomas and Paula Fairchild will not occur during the class-certification-related discovery period, and (2) Defendants may file a motion for protective order, addressing their confidentiality concerns, on or before September 18, 2014. Defendants' Motions [63, 67, 68, 113, 114] are denied in all other respects. Plaintiffs' Emergency Motion [72] to Compel, and Motion for Sanctions and Order of Contempt is granted to the extent that the Court has compelled discovery in this Order. The Motion [72] is denied in all other respects.

B.     Defendants' Motion to Permanently Seal Documents

Defendants request that the Court permanently seal Exhibit 2 to Plaintiffs' Motion [105] to Hold Plaintiffs' Motion to Certify Class in Abeyance Pending the Defendants' Compliance with the Discovery Requested. Mot. [116]. Exhibit 2 is a

computer disc containing approximately 630 pages of documents produced to Plaintiffs' counsel in another lawsuit.  Plaintiffs filed a Motion [106] to Temporarily Seal Exhibit 2 for fourteen days "because . . . some sensitive information, such as social security numbers should be redacted" and "in order for Defendants to have an opportunity to file a Motion to Seal or protective order on certain documents . . . ."  Mot. [106] 1.  Plaintiffs' Motion [106] to Temporarily Seal Exhibit 2 for fourteen days was granted on May 12, 2014.

Defendants request that Exhibit 2 be permanently sealed because the documents therein contain confidential personal information, settlement documents that include the amounts paid to individuals in the underlying PCB-litigation settlement, and attorney-client privileged communications.  Mot. [116] 3-4.  Plaintiffs object to Exhibit 2 being permanently sealed, urging that Defendants' concerns do not overcome the presumption in favor of public access to court records and submitting that redaction of personal identifiers is sufficient.  Resp. [121] 1-5.  Plaintiffs also note that Defendants' request to permanently seal some of the documents contained in Exhibit 2 was denied by the Mississippi Supreme Court in other litigation.  Resp. [121] 2; Miss. Sup. Ct. Order, Ex. [121-2].

The Court finds that it is premature to decide whether the documents or types of documents contained in Exhibit 2 should be sealed.  Federal Rule of Civil Procedure 5 provides that discovery is not to be filed with the Court until "used in the proceeding or the court orders filing."  Fed. R. Civ. P. 5(d)(1).  Plaintiffs filed 630 pages of what are, in essence, discovery documents, as an attachment to a relatively straightforward Motion [102] for time.  Plaintiffs generically referenced Exhibit 2 in

one sentence of a six-page Motion but cited to no particular portion of the 630-page exhibit.  The one sentence referencing Exhibit 2 states, "[s]ee the documents that [Defendants] produced in another case to show as an example that they settled the claims together for the 348, and only they control all of the documents."  Mot. [105] 5.

The documents in Exhibit 2 were not utilized in any meaningful way towards securing the relief requested in Plaintiffs' Motion [102] for time, yet their inclusion in the record now raises highly-contested and intricate issues regarding confidentiality.  Plaintiffs furthermore filed Exhibit 2 without first redacting personal identifiers, which is contrary to Administrative Procedures for Electronic Case Filing Section 9.  Under the circumstances, the Court finds that there is a more reasonable course than permanently sealing a voluminous exhibit that serves no genuine purpose in the record at this time.  Exhibit 2 will instead be stricken from the record.  If the parties wish to utilize the documents in Exhibit 2 as exhibits to future pleadings, such as in support or response to Plaintiffs' amended motion for class certification, a motion to seal may be made at that time in accordance with the procedures provided in Local Uniform Civil Rule 79.  Defendants' Motion [116] to Permanently Seal Documents should be denied; however, Exhibit 2 to Motion [105] will be stricken from the record.

## II.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Defendants' Motions [63, 67, 68, 113, 114] to Quash and for Protective Order are granted in part and denied in part.  The Motions are granted to the extent that (1) the depositions

of Kris Thomas and Paula Fairchild will not occur during the class-certification-related discovery period, and (2) Defendants may file a motion for protective order, addressing their confidentiality concerns, on or before **September 18, 2014**. Defendants' Motions [63, 67, 68, 113, 114] are denied in all other respects.

Responses to the subpoenas duces tecum at issue in Motions [63, 67, 68, 113, 114] shall be delivered to Plaintiffs' counsel on or before **September 25, 2014**. The depositions at issue in Motions [63, 67, 68, 113, 114], with the exception of the depositions of Thomas and Fairchild, shall be completed on or before **October 30, 2014**, which is also the deadline for completion of class-certification-related discovery.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that by **September 25, 2014**, Defendants must provide to Plaintiffs' counsel a chart of information as to all claimants who participated in the underlying PCB settlement, both filed and unfiled. The chart shall list the claimants only as #1, #2, #3, etc., and provide: (1) whether each claimant is a filed or unfiled claimant; (2) each claimant's medical diagnosis; (3) additional information, if any, which affected the amount of each claimant's settlement, specifying the amount of expenses charged to each claimant and the amount of any Medicaid or Medicare liens affecting each claimant's settlement; and (4) the amount of each claimant's settlement.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs' Emergency Motion [72] to Compel, and Motion for Sanctions and Order of Contempt is granted to the extent that the Court has compelled discovery in this Order. It is denied in all other respects.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendants' Motion [116] to Permanently Seal Documents is **DENIED**. However, Exhibit 2 to Motion [105] is stricken from the record.

**SO ORDERED AND ADJUDGED**, this the 11th day of September, 2014.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE