UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARY BRIDGES,
BOBBY GORDON, and
JOHNNIE GRIFFIN, *all
individually and on behalf of 345
other named plaintiffs*                                                   PLAINTIFFS

vs.                                          CIVIL ACTION NO.: 3:13-cv-457-TSL-JCG

RICHARD A. FREESE;
TIM K. GOSS;
SHEILA M. BOSSIER;
DENNIS C. SWEET, III;
FREESE AND GOSS PLLC;
SWEET AND FREESE PLLC;
BOSSIER AND ASSOCIATES PLLC; and
DENNIS C. SWEET, *d/b/a Sweet and Associates, PLLC*          DEFENDANTS

DON A. MITCHELL                                         THIRD-PARTY DEFENDANT

**ORDER DENYING DEFENDANTS' [145] "EMERGENCY MOTION FOR
STAY AND LIMITED RECONSIDERATION OF ORDER" AND DENYING
DEFENDANTS [150] MOTION FOR HEARING**

BEFORE THE COURT is the "Emergency Motion [145] for Stay and Limited Reconsideration of Order" and a Motion [150] for Hearing, filed by Defendants Richard A. Freese; Tim K. Goss; Sheila M. Bossier; Dennis C. Sweet, III; Freese and Goss, PLLC; Sweet and Freese, PLLC; Bossier and Associates, PLLC; and Dennis C. Sweet d/b/a Sweet and Associates, PLLC ("Defendants"). Plaintiffs have filed a Response [176], and Defendants have not filed a Reply. Having considered the submissions of the parties, the record, and relevant legal authorities, the Court finds that Defendants' Motions [145, 150] should be denied.

## I. DISCUSSION

A.  **Standard of Review**

While a motion for reconsideration is not explicitly recognized by the Federal Rules of Civil Procedure, the Court has inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.,* 659 F.2d 551, 553 (5th Cir. 1981). The Court's considerable discretion to grant the extraordinary remedy of reconsideration must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. *Calpetco 1981 v. Marshall Exploration, Inc.,* 989 F.2d 1408, 1415 (5th Cir. 1993); *Melancon,* 659 F.2d at 553. "Motions to reconsider are not appropriate to raise arguments that could have or should have been made previously or to re-urge matters that a court has already considered." *Pro-Logistics Forwarding Pty. Ltd. v. Robison Tire Co.,* No. 2:13cv83-KS-MTP, 2014 WL 1330960, *1 (S.D. Miss. Apr. 2, 2014).

B.  **Analysis**

Defendants' Motion [145] for Reconsideration should be denied because Defendants are reurging arguments that have previously been rejected and belatedly offering new arguments and facts that could have been presented in their original Motions or at the Motions hearing. As noted in the Court's Order, Defendants failed to offer particularized and legally supported objections to the discovery sought by Plaintiffs. Order [137] 5. Defendants instead took an across-the-board position that Plaintiffs were entitled to no discovery during the class-certification discovery period because, as asserted by Defendants, the discovery

sought was all merits-based discovery. Simultaneously, Defendants averred that they had not produced discovery for two reasons: (1) because Plaintiffs' counsel would not agree to a protective order identical to one issued in another factually-related case; and (2) because Plaintiffs' counsel had already been provided some of the discovery he sought through other litigation.

### 1. Relevancy

Defendants are reurging objections to the relevancy of the discovery ordered. In their original briefing and at the Motions hearing, Plaintiffs concisely addressed how the discovery sought was needed to establish commonality or typicality. In response, Defendants repeatedly relied on an unadorned objection that the discovery sought was improper because it sought merits-based discovery. Defendants *ipse dixit* conclusion that none of the discovery sought was relevant to class certification was offered with little explanation, supporting facts, or supporting law.

Before certifying a class, the Court must understand the relevant claims, defenses, facts, and substantive law presented. *Funeral Consumers Alliance, Inc., v. Serv. Corp. Intern.,* 695 F.3d 330, 345 (5th Cir. 2012). "The unique facts of each case will generally be the determining factor governing certification." *Robinson v. Texas Auto. Dealers Ass'n,* 387 F.3d 416, 420 (5th Cir. 2004). There is not always a bright-line distinction between merits discovery and class-related discovery as to two "frequently entail overlap." *Comcast v. Behrend,* 133 S. Ct. 1426, 1432 (2013). "When there are disputed facts relevant to Rule 23 requirements, overlap with merits should not be talismanically invoked to artificially limit a trial court's

examination of the factors necessary to a reasoned determination of whether a plaintiff has met her burden of establishing each of the Rule 23 class action requirements." *Funeral Consumers Alliance, Inc.,* 695 F.3d at 346.

Here, Defendants "talismanically invoked" an objection that all discovery sought by Plaintiffs was merits-based.  Defendants did not rebut Plaintiffs' particularized reasons for requesting the discovery or counter the legal authority Plaintiffs' offered in support.  Defendants' across-the-board position that all sought-after discovery was merits-based, and thus irrelevant, was not persuasive.  The Court ruled based on the arguments, facts, and law presented.  Defendants did not carry their burden of demonstrating that the discovery sought should be quashed, and they advance no valid grounds for reconsideration.

    **2.**    **New Arguments, New Information**

Defendants seek reconsideration based upon belated arguments and facts that were not originally presented.  Defendants offer no excuse or explanation for their belatedness.

    **a.**    **Financial Institution Subpoenas**  Defendants now argue that the financial institution subpoenas are overbroad in scope.  Mot. [146] 12.  Defendants' original Motion [63] on this issue appeared boilerplate and perfunctory.  Moreover, Defendants offered no suggestion as to how the financial institution subpoenas could be limited in scope and instead stood on their position that Plaintiffs were entitled to no discovery during the class-certification discovery period.  Plaintiff filed a Response to Defendants' Motion [63] to Quash providing facts and detailing how the financial records "would assist [Plaintiffs] in

determining if each purported class member would have common questions of law and fact and whether the claim of each claimant with regard to his or her particular settlement would have claims typical of the class." Resp. [91] 2-3. Defendants filed no Reply, and thus presented no rebuttal to Plaintiffs' position.

During the Motions hearing, Defendants were given yet another opportunity to demonstrate that the bank subpoenas should be quashed or modified. The Court, not Defendants, raised the issue of whether the subpoenas should be limited in time. Plaintiffs offered a reasonable response as to why recent financial documents were relevant, to which Defendants replied with their standard objection that the discovery sought should not be allowed because it was merits-based.

Only now, in their Motion for Reconsideration, do Defendants provide representations about what information is contained in the bank accounts that are the subject of the subpoenas. The information and argument Defendants have now provided could have been offered initially and are not grounds for reconsideration.

      **b.**    **Depositions**  In their original Motion [67], Defendants sought to quash numerous depositions noticed by Plaintiffs. Defendants now urge the Court to limit the scope of documents that the deponents are compelled to provide pursuant to their deposition subpoenas. Mot. [146] 15. The same documents were requested in the original deposition subpoenas that were the subject of Defendants' original Motion [67] to Quash. However, in their original Motion, Defendants did not address the documents requested by the deposition subpoenas and sought only to quash the depositions in full, offering no alternative positions. Defendants did

not argue that the scope of documents requested by the subpoenas were overbroad. New argument is not grounds for reconsideration.

      **c.**    <u>**Chart of Information**</u> The Court ordered Defendants to produce a chart detailing information about the PCB claimants' settlements. Defendants now maintain that providing the chart of information is "burdensome and time-consuming . . . [and] not appropriate . . . ." Mot. [145] 3.  Despite the difficulty of compiling the information for the chart being addressed and open for discussion at the Motions hearing, Defendants did not originally make this argument.  Defendants did not object to providing information about the PCB claimants' settlements on grounds that it was burdensome. Defendants objected on grounds of confidentiality, attorney-client privilege, and medical privilege, and the Court duly took this into consideration in its ruling.

    The Court ordered the chart to remedy Defendants' confidentiality and privilege concerns.  The Mississippi Supreme Court ordered similar relief to remedy similar concerns in *Williamson v. Edmonds*, 880 So. 2d 310 (Miss. 2004).  The chart was also ordered in an effort to remedy Defendants' obstinate refusal to engage in discovery.  At the time of the Motions hearing, this case had been pending for over a year, yet Defendants had not produced a single discovery document or allowed one deposition to go forward.  Ultimately, Defendants object to providing the chart, and they also object to producing the documents from which the information in the chart could be compiled.  Defendants' new allegation that producing the chart is burdensome is not grounds for reconsideration.

3.    <u>Other Litigation</u>

The Court rejects any argument that discovery be limited in this case because it is duplicative of discovery had in other cases.  Counsel, and not the Court, knows what discovery has been produced in other litigation.  The Court will not assume the burden of refereeing an issue that could easily be resolved without Court intervention if counsel were inclined to cooperate.

## II.  <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants' Emergency Motion [145] for Stay and Limited Reconsideration of Order is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendants' Motion [150] for Hearing on Emergency Motion for Stay and Limited Reconsideration of Order is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 29th day of October, 2014.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE